IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| BEATTIE B. ASHMORE, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR RONNIE GENE WILSON AND ATLANTIC BULLION & COIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOEY PRESTON, <br><br> Defendant. | Civil Action No.: 8:15-cv-4519-JMC <br><br><br> **ANSWER OF JOEY PRESTON** |

The Defendant, Joey Preston, by and through the undersigned attorney, hereby files this Answer and answers as follows:

**Response to Complaint**

1. Paragraph 1 is admitted to the extent it summarizes Court Orders, applicable statutes and public records associated with In Re Receiver, 8:12-cv-2078-JMC and U.S. v. Wilson et al., 8:12-cr-320-JMC.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted to the extent it claims cases In Re Receiver, 8:12-cv-2078-JMC and U.S. v. Wilson et al., 8:12-cr-320-JMC are closely related.

4. Paragraphs 4 and 5 are admitted.

5. Paragraph 6 is admitted to the extent it summarizes Court Orders, applicable statutes and public records associated with In Re Receiver, 8:12-cv-2078-JMC and U.S. v. Wilson et al., 8:12-cr-320-JMC.

6. Paragraph 7 is admitted to the extent it summarizes applicable Court Orders.

7. Paragraphs 9-11 restate Court records and are admitted.

8. Paragraphs 12-13 restate Court records and are admitted although they are

irrelevant to this Defendant.

9. Paragraph 14 is admitted to the extent it summarizes the facts asserted for the basis of the plea in U.S. v. Wilson et al., 8:12-cr-320-JMC and the appointment of a Receiver in In Re Receiver, 8:12-cv-2078-JMC. Any other assertion is denied and strict proof demanded thereof.

10. Paragraph 15 is admitted to the extent that "net winner" represents a calculation made pursuant to the two-step New Investment Method used in Federal clawback actions. Paragraph 15 is further admitted to the extent that the defendant meets the definition of "net winner" pursuant to the two-step New Investment Method used in Federal clawback actions. Any other assertion is denied and strict proof demanded thereof.

11. Paragraph 16 is admitted to the extent its assertions imply that local, State and Federal authorities should have recognized Wilson and AB&C were running a fraudulent Ponzi scheme much earlier than they did. Paragraph 16 is further admitted to the extent its assertions imply that local, State and Federal authorities should have exercised their administrative authority to shut Wilson and AB&C down much earlier than they did. Any other assertion is denied and strict proof demanded thereof.

12. Paragraphs 17-23 make assertions relating to "individuals who invested with Wilson and/or AB&C". To the extent these paragraphs imply that all the investors who placed their trust with Wilson and AB&C should have known better (i.e. "If it Sounds Too Good To Be True, It Probably Is"), this Defendant denies the same and demands strict proof thereof. Paragraphs 17-23 make assertions of a similar nature against the Defendant. These assertions are also denied and strict proof demanded thereof.

13. Paragraphs 24– 26 are admitted.

14.     Paragraph 27-36 are admitted to the extent that the facts alleged apply to every other individual who invested with Wilson and/or AB&C.  All facts specific to the Defendant are denied and strict proof demanded thereof.

15.     Paragraph 37 is denied as to the allegation that the Defendant never asked for any yearend tax accounting or report, including, but not limited to a K-1 or 1099.  Paragraph 37 is admitted to the extent that Defendant never received the same.

16.     Paragraph 38 is admitted to the extent that $1,218,000 represents an accurate calculation of net profit pursuant to the two-step New Investment Method used in Federal clawback actions.  Any other assertion is denied and strict proof demanded thereof.

18.     Paragraph 39 is a recapitulation of previous allegations.  Prior admissions and/or denials are incorporated herein by reference.

19.     Paragraphs 40 is admitted to the extent the Defendant invested with Wilson and AB&C.  Any other assertion is denied and strict proof demanded thereof.

20.     Paragraph 41 is admitted to the extent that $1,218,000 represents an accurate calculation of net profit pursuant to the two-step New Investment Method used in Federal clawback actions.  Any other assertion is denied and strict proof demanded thereof.

21.     Paragraph 42 is denied and strict proof demanded thereof.

22.     Paragraph 43 is denied and strict proof demanded thereof.

23.     Paragraph 44 is denied to the extent it alleges or implies personal knowledge of the Defendant.  Upon information and belief, paragraph 44 is admitted to the extent it summarizes facts previously discovered by the Receiver.

24.     Paragraph 45 alleges that any reasonable person should have been aware of the fraudulent nature of the Wilson and AB&C investment and sets forth reasons why.  To the extent these paragraphs imply that all the investors should have had their suspicions aroused, this

Defendant denies the same and demands strict proof thereof. To the extent paragraph 45 implies that investors who were trusting and did not have their suspicions aroused are not reasonable people, these assertions are also denied and strict proof demanded thereof.

25. Paragraphs 46-47 are denied and strict proof demanded thereof.

26. Paragraph 48 is a recapitulation of previous allegations. Prior admissions and/or denials are incorporated herein by reference.

27. Paragraph 49 is admitted to the extent the Defendant invested with Wilson and AB&C. Any other assertion is denied and strict proof demanded thereof.

28. Paragraph 50 is admitted to the extent that the Defendant had a "net profit" pursuant to the two-step New Investment Method used in Federal clawback actions. Any other assertion is denied and strict proof demanded thereof.

29. Defendant is without personal knowledge as to the facts asserted in Paragraphs 51-52 are denied and strict proof demanded thereof.

30. Paragraphs 53-54 are denied and strict proof demanded thereof.

### Affirmative Defense

31. Prior allegations not inconsistent are realleged as if set forth verbatim herein.

32. The Receiver was appointed on June 13, 2012 by text order.

33. On or before June 13, 2012, the Receiver was aware of facts and circumstances that would put him on notice that a claim against the Defendant might exist.

34.     The three-year Statute of Limitations applicable to the actions listed in the Complaint is a bar to the claims asserted.

WHEREFORE, the Defendants seeks dismissal of the complaint, attorney's fees, costs and such other relief as the Court may deem just and proper.

Respectfully submitted,

BANNISTER, WYATT & STALVEY, LLC

James W. Bannister
Fed. ID No.: 6902     SC Bar No.: 8895
P.O. Box 10007
Greenville, SC 29603
Phone: 864-298-0084
Fax: 864-298-0146

December 16, 2015                Attorney for Defendant